IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

|  |  |
|---|---|
| United States of America, ) | |
| ) | C/A No. 3:03-3354-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Lawton R. Brown; Penelope Brown ) | |
| a/k/a Penny Brown; Palmetto Farm ) | |
| Credit, f/k/a Edisto Farm Credit ACA; ) | |
| and First National Bank, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action is brought by the United States on behalf of Farmers Home Administration a/k/a Farm Service Agency ("FSA") to foreclose on two real estate mortgages on property situated in Orangeburg County, and to enforce its security interest as to personal property associated with the mortgages. The complaint was filed on October 22, 2003. It appears from the complaint that Defendants Lawton R. Brown and Penelope Brown (the "Browns") executed four promissory notes to FSA or its predecessor in 1990. As of October 1, 2003, there was due and owing a principal and interest balance in the total amount of $61,985.59. The notes are secured by the referenced mortgages and security agreements. Defendant Palmetto Farm Credit f/k/a Edisto Farm Credit ACA consents to the foreclosure. Defendant First National Bank has made no appearance.

The Browns initially filed a pro se answer to the complaint. (Entry 6.) The United States filed a motion for summary judgment on March 19, 2004. (Entry 10.) By order filed March 30, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Browns were advised of the summary judgment procedure and the possible consequences if they failed to respond adequately. (Entry 14.) The Browns filed no response to the motion for summary judgment, but filed a request

for subpoena for their loan files on April 15, 2004, asserting that FSA mishandled the loan applications and "hampered the defendants ability to repay loans by missing planting dates and fertilization dates and other farm practices." (Entry 15.)[1]

On May 7, 2004, counsel entered a notice of appearance on behalf of the Browns. (Entry 16.) On June 1, 2004, the Browns submitted an "Affidavit in Oppsition [*sic*] of Summary Judgment." (Entry 17.) In the affidavit, Mr. Brown contends that FSA failed to fund his loan in a timely fashion "at least four times" and that FSA refused to grant him a deferment on one occasion. He asserts that the FSA's practice "is similar, if not identical to the illegal and unfair practices to which the [Farmers Home Administration] subjected minority farmers." Id. ¶ 17. Brown asserts that FSA "wanted [his] farm to fail" and "should not be allowed to foreclose because of its wrongful behavior." Id. ¶ 34. The affidavit was not supported by any documentation. No memorandum of law in opposition to summary judgment accompanied the affidavit.

The court granted summary judgment in favor of the United States on September 28, 2004. (Entry 19.) On October 12, 2004, the Browns filed a motion to alter or amend judgment. (Entry 20.) See Fed. R. Civ. P. 59(e). The government filed a memorandum in opposition to the Rule 59(e) motion on October 26, 2004. (Entry 21.) The court denied the Brown's motion on February 15, 2005. (Entry 22.)

On March 9, 2005, the court, in the interest of fairness, sua sponte noticed a hearing to revisit the United States' motion for summary judgment. A hearing was held on March 15, 2005, at which time the court granted the Browns leave to supplement the record. On April 11, 2005, the Browns filed a second "Affidavit in Oppsition [*sic*] of Summary Judgment." (Entry 25.) In the second

---

[1] The subpoena was withdrawn on March 15, 2005.

Affidavit, Mr. Brown again avers that FSA failed to fund his loans properly and that as a result he was denied "the opportunity to plant and fertilize at the proper time." Id. ¶ 8. Mr. Brown contends that the "actions of the FSA were designed to ensure that I failed." Id. ¶ 20. He also contends that FSA undervalued his property and, as a result, he was unable to restructure the loan. Id. ¶ 15. The gravamen of the Browns' defense to foreclosure is that FSA acted in bad faith. See id. ¶ 31. In support of the affidavit, Mr. Brown attaches a copy of a letter from Clemson University Cooperative Extension Service regarding planting times for small grains; copies of a loan application dated August 25, 1989 and a promissory note dated January 10, 1990; copies of a loan application dated February 6, 1991 and marked "received February 2`, 1991, and a promissory note dated April 8, 1991; copies of a loan application dated December 11, 1991 and marked "received" February 27, 1992, and a promissory note dated May 5, 1992; and a copy of FmHA Instruction 1941-A.

On April 29, 2005, the United States filed a memorandum in further support of summary judgment and in response to the Browns' affidavit in opposition. (Entry 27.) The United States provided an affidavit of Wesley L. Harris, Farm Service Chief for FSA. Mr. Harris attests that the delay in the 1990 loan closing was the result of FSA requiring additional information regarding prior conduct by Mr. Brown as well as liens still appearing against the property. Affidavit of Wesley L. Harris, Farm Service Agency, ¶ 4. Mr. Harris contends that the other two loans were completed in a timely fashion after receipt, i.e., the February 6, 1991 application was received on February 21, 1991, approved March 26, 1991, and closed April 8, 1991; the December 11, 1991 application was received February 27, 1991, approved April 13, 1992, and closed May 5, 1992. Id. ¶¶ 5, 6. With respect to restructuring the loans, Mr. Harris attests that FSA offered to restructure the Browns' loans in 2001 and 2002, but the Browns did not accept the proposed payment plans. Id. ¶ 8; see also

3

Attachment 4 thereto.

## I.  DISCUSSION

The gravamen of the Browns' opposition to summary judgment is that the United States is not entitled to the equitable remedy of foreclosure under the "unclean hands" doctrine. The "unclean hands" doctrine is predicated upon inequitableness or bad faith. See, e.g., United States v. Hughes Ranch, Inc., 33 F. Supp. 2d 1157 (D. Neb. 1999). The court concludes, however, that there is no foundation in the record of a finding of bad faith or wrongful conduct on the part of FSA. To the contrary, the loans about which the Browns complain were processed in a reasonable manner. Moreover, it appears that FSA made offers to restructure the Browns' debt, but that the Browns failed to take advantage of the offers.

## II.  CONCLUSION

The Browns do not challenge the making and validity of the mortgages and notes at issue. The court concludes that the United States holds valid and enforceable liens on the property and that it is entitled to foreclosure the two real estate mortgages encumbering the Browns' property in Orangeburg County, South Carolina. The court affirms its order granting the United States' motion for summary judgment. The court shall issue a Decree of Foreclosure and Sale contemporaneously herewith.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 16, 2005.